UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JAY BRENT VINEYARD, § <br> TDCJ No. 02172501, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> ERIC GUERRERO,[1] Director, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> § <br> Respondent. § | CIVIL NO. SA-24-CA-0922-JKP |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Jay Brent Vineyard's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) wherein Petitioner challenges the constitutionality of the State of Texas' refusal to release him to parole. Also before the Court are Respondent Eric Guerrero's Answer (ECF No. 20) and Petitioner's Reply (ECF No. 21) thereto.

Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

### I. Background

In December 2017, Petitioner plead guilty to driving while intoxicated as a repeat offender and was sentenced to twelve years of imprisonment. *State v. Vineyard*, No. 2017CR8589 (226th Dist. Ct., Bexar Cnty., Tex. Dec. 18, 2017); (ECF No. 19-36 at 95-96).

---

[1] The previous named Respondent in this action was Bobby Lumpkin. In December 2024, Eric Guerrero succeeded Lumpkin as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d) of the Federal Rules of Civil Procedure, Guerrero is automatically substituted as a party.

According to records provided by Petitioner, his maximum discharge date is June 22, 2031, and he became eligible for parole in July 2023. (ECF No. 19-36 at 49).[2]

In October 2023, the Texas Board of Pardons and Paroles (the Board) reviewed Petitioner for release to parole. (ECF Nos. 1 at 23; 19-36 at 50-52). The Board denied parole, citing the following reasons: 1D ("the record indicates that the offender has repeatedly committed criminal episodes that indicate a predisposition to commit criminal acts upon release."); 2D ("The record indicates the instant offense has elements of brutality, violence, assaultive behavior, or conscious selection of victim's vulnerability indicating a conscious disregard for the lives, safety, or property of others, such that the offender poses a continuing threat to public safety."); 3D ("the record indicates excessive substance use involvement."); and 5D ("the record indicates unsuccessful periods of supervision on previous probation, parole, or mandatory supervision that resulted in incarceration, including parole-in-absentia."). *Id*. The Board set Petitioner's next review for October 2024. *Id.*

On February 2, 2024, Petitioner filed a state habeas corpus application challenging the Board's decision to deny parole. *Ex parte Vineyard*, No. 55,515-06 (Tex. Crim. App.); (ECF No. 19-36 at 4-19). The Texas Court of Criminal Appeals denied this application without written order on April 17, 2024. (ECF No. 19-37). Petitioner then filed a second state habeas corpus application challenging the Board's decision on July 20, 2024, which the Texas Court of Criminal Appeals ultimately denied without written order on December 11, 2024. *Ex parte Vineyard*, No. 55,515-07 (Tex. Crim. App.); (ECF Nos. 19-40 at 4-19; 19-41).

---

[2]   *See also* https://inmate.tdcj.texas.gov/InmateSearch, search for "Vineyard, Jay" last visited May 2, 2025.

Petitioner placed the instant federal habeas corpus petition in the prison mail system on August 1, 2024. (ECF No. 1 at 15). In the petition and accompanying memorandum in support, Petitioner again challenges the Board's denial of parole, arguing that the Board illegally suspended his right to notice and a parole interview in violation of the Equal Protection Clause of the Fourteenth Amendment.

## II. Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA. 28 U.S.C.A. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was

unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

### III.  Merits Analysis

Petitioner challenges the constitutionality of the Board's decision to deny him parole in October 2023. However, a prisoner has no federal constitutional right to be released before the expiration of his sentence. *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex,* 442 U.S. 1, 7 (1979); *Wottlin v. Fleming,* 136 F.3d 1032, 1037 (5th Cir. 1998). Likewise, Texas law makes parole discretionary and does not create a liberty interest in parole that is protected by the Due Process Clause. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995); *see also Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Because Texas inmates have no protected liberty interest in parole, they cannot have a liberty interest in parole consideration or other aspects of parole procedures. *Johnson*, 110 F.3d at 308 (stating that Texas prisoners cannot mount a challenge against any state parole review procedure on procedural or substantive

due process grounds). It is entirely up to each State whether it chooses to create a parole system and the amount of discretion with which it entrusts its parole decisionmakers.

As Petitioner acknowledges (ECF No. 1 at 18), parole is a privilege, not a right, even after an inmate accrues the minimum amount of time-served credit necessary to be eligible for parole. *See Greenholtz*, 442 U.S. at 7 (convicted persons have no constitutional right to be conditionally released before the expiration of a valid sentence); 37 Tex. Admin. Code § 145.3(1) ("Release to parole is a privilege, not an offender right, and the parole decision maker is vested with complete discretion to grant, or to deny parole release as defined by statutory law."). An inmate who has met the minimum requirement for time served under the applicable parole eligibility statute is not automatically entitled to be released on parole; rather, he is only entitled to a review to determine whether or not he will be released on parole. *See* 37 Tex. Admin. Code § 145.3(1) ("[T]he parole decision maker is vested with *complete discretion* to grant, or to deny parole release. . . .") (emphasis added); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995) (because a prisoner has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions). And it is the Board who "is the exclusive authority for determining whether qualified prisoners receive parole." *Johnson*, 110 F.3d at 303.

Accordingly, since Petitioner does not have a liberty interest in parole, any due process complaint about the procedural devices attendant to parole decisions would lack merit. Acknowledging this, Petitioner argues that his claims arise under the Equal Protection Clause rather than the Due Process Clause. (ECF No. 1 at 16-17, 24-34). Regardless of the distinction, Petitioner has not raised a viable claim for relief.

5

To show an equal protection violation, Petitioner "must prove purposeful discrimination resulting in a discriminatory effect among persons similarly situated[,]" *Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992) (citation omitted), or demonstrate that a classification impermissibly interferes with a fundamental right. *Hatten v. Rains*, 854 F.2d 687, 690 (5th Cir. 1988). A "fundamental right," for purposes of equal protection analysis, is one that is "among the rights and liberties protected by the Constitution." *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 29 (1973).

Here, not only has Petitioner failed to demonstrate the complained of action by the Board, *i.e.,* the denial of his release to parole, burdened a fundamental right, he fails to show that he was intentionally treated differently from other similarly-situated prisoners absent a rational basis. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Indeed, vague and conclusional allegations that a prisoner's equal protection rights have been violated are insufficient to raise an equal protection claim. *Pedraza v. Meyer*, 919 F.2d 317, 318 n.1 (5th Cir. 1990).

Finally, the Court also observes that Petitioner raised these issues in his state habeas applications. (ECF Nos. 19-36 at 4-19; 19-40 at 4-19). Both of these applications were denied by the Texas Court of Criminal Appeals without written order. (ECF Nos. 19-37; 19-41). The Court accepts the state court's conclusions on their merits. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002); *see also Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). The Court also finds that Petitioner provides no clear and convincing evidence to

rebut the state court's ultimate conclusions regarding the allegations raised in his state applications. Consequently, given the deference afforded state court determinations on federal habeas review, relief is denied. *Richter*, 562 U.S. at 103.

## IV. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## V. Conclusion and Order

Petitioner has failed to establish that the state court's rejection of the aforementioned claims on the merits during his state habeas corpus proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the

Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented in Petitioner's state court proceedings. As a result, Petitioner's federal habeas corpus petition does not warrant relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Jay Brent Vineyard's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3. All other motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED this the 5th day of May, 2025.**

_____
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**